NOT DESIGNATED FOR PUBLICATION

No. 117,525

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW GUERRA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed November 9, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., MCANANY and POWELL, JJ.

PER CURIAM: Matthew Guerra appeals the order of the district court imposing a modified prison sentence of consecutive terms of 14 months and 12 months after he violated the terms of his probation. Guerra moved for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State joined in Guerra's motion. We granted the motion. Finding no abuse of discretion, we affirm the district court's decision.

Guerra pled guilty to arson and violation of a protective order. As part of the plea agreement, the State recommended that Guerra be placed on probation and recommended the high number in the appropriate sentencing guidelines grid box for the arson conviction and 12 months for the violation of a protective order conviction. The district court followed the State's recommendation and placed Guerra on probation for 24

1

months, with consecutive underlying sentences of 34 months and 12 months for Guerra's respective arson and violation of the protective order convictions.

About three months later, Guerra's Intensive Supervision Officer (ISO) filed a warrant alleging that Guerra had violated conditions of his probation by, among other things, being arrested for DUI and driving while suspended. Guerra was taken into custody but released on bond. Within about six months thereafter, his ISO sought to have his bond revoked because Guerra had been arrested again for DUI.

Guerra admitted to violating the terms of his probation and requested that the court impose an intermediate 60-day jail sanction and then release him for treatment for his substance abuse problems. The district court rejected this request and imposed a modified sentence of 14 months in prison for the arson charge and a consecutive 12 months in prison for the violation of the protective order charge. The district court decided not to grant the quick dip or another intermediate sanction because of Guerra's substantial history of alcohol abuse.

Guerra appeals, claiming the district court abused its discretion by revoking probation. He does not explain how the district court abused its discretion.

Once Guerra stipulated to violating the terms of his probation, the disposition decision was within the district court's sound discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). A judicial action constitutes an abuse of discretion if it

> "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, i.e., if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, i.e., if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Guerra bears the burden of showing the district court abused its discretion. *State v. Hulett*, 293 Kan. 312, 319, 263 P.3d 153 (2011).

K.S.A. 2016 Supp. 22-3716(c)(8)(A) provides that "[i]f the offender commits a new felony . . . while . . . on probation, . . . the court may revoke the probation" or impose the sanction of K.S.A. 2016 Supp. 22-3716(c)(1)(E) without having previously imposed intermediate sanctions.

Guerra stipulated to violating the terms of his probation by committing a felony DUI, and he does not point to any errors of fact or law in the district court's decision to impose the modified sentence. Guerra merely alleges that the district court abused its discretion. After hearing Guerra's argument, the district court imposed the modified sentence because it felt the 34-month term for arson under these facts was too harsh but it still felt that Guerra needed to take responsibility for his actions.

Here, the district court acted within its statutory authority and followed the mandates provided for in K.S.A. 2016 Supp. 22-3716(c). Guerra fails to convince us that no reasonable judge would have imposed a modified sentence of 14 months in prison for the arson conviction and a consecutive 12 months in prison for the violation of the protective order conviction. Guerra had violated his probation on two previous occasions, only one of which was necessary for the district court's decision to impose a modified sentence. K.S.A. 2016 Supp. 22-3716(c)(1)(E) provides a court may require the probation violator to serve the underlying sentence imposed or any other sentence which may have originally been imposed. The underlying charge for arson called for a sentence of up to 34 months and the underlying charge for violation of the protective order called for a sentence of up to 12 months. Accordingly, the district court did not abuse its discretion in ordering Guerra to serve a modified 14-month prison term for his arson conviction and the underlying 12-month prison term for the violation of the protective order conviction as each were within the range of sentences that could have originally been imposed.

Affirmed.